IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| M. LATROY WILLIAMS | * |
| Plaintiff, | * |
| Vs. | * |
| CATHOLIC DIOCESE OF MEMPHIS | * |
| d.b.a PAROCHIA L ATHLETIC ASSOCIATION Defendants. | * |
| | * |

COMPLAINT

TO THE HONORABLE JUDGES OF THE FEDERAL COURT:

Comes now your Petitioner herein and would state and show unto this Honorable court as follows:

JURISDICTION AND VENUE

1. The action is brought by Plaintiff pursuant to 18 USC 1961 et. seq. Plaintiff has standing to bring this action under 18 USC 1964 c. The court has jurisdiction to hear this Civil RICO action under 18 USC 1964(a).

2. Venue is appropriate in the Western District of Tennessee under 28 USC 1391(b)(2) as this is the judicial district in which a substantial part of the events or occurrences giving rise to the claim occurred.

3. Venue is also appropriate in the Western District of Tennessee for the RICO allegations under 18 USC 1965(a) as Plaintiff resides within the Western District of Tennessee.

## PARTIES

4. Plaintiff is an adult resident citizen of Memphis Shelby County, Tennessee.

5. DefendantCatholic Diocese d.b.a. Parochial Athletic Association is sports entity league and organization operating in Memphis, Shelby County Tennessee and may be served with process at 5825 Shelby Oaks Drive Memphis, Tennessee 38134.

## STATEMENT OF FACTS

6. Plaintiff was the coach of a team of basketball players, ages 10 thru 13, the St. Augustine Thunderbolts who have for several years participated in the basketball league called the Parochial Athletic Association.

7. The Thunderbolts participated in the league during the 2006-2007 season playing over twenty games against league opponents. When Plaintiffs signed up for the league, they were told they would have to schedule their own games against league opponents because of the late registration, but they were still part of the league and their money was accepted. Plaintiff did pay the fees to the league; however, plaintiffs team was denied participation in the annual league tournament which began on Friday, February 9,2007.

8. Plaintiff was told his team was not part of the league even though their money was accepted to participate in the league and the team was denied participation in the annual tournament. The tournament is a tournament in which every team, no matter what their won-loss record participates; however, the Thunderbolts were unfairly excluded from participation in the tournament. The Thunderbolts at the time of the exclusion were undefeated. Unfairly excluding the team from the tournament has caused irreparable harm.

## COUNT I (RICO)

9. Paragraphs 1 thru 8 are incorporated herein.

10. Plaintiff was and is a "person" within the meaning of RICO 18 USC 1961(3) and 1964(c) The school facilities involved did systematically join together to exclude the St. Augustine team from the tournament. The association of the school facilities was in fact an enterprise within the meaning of RICO 18 USC 1961(4).

11. The Defendant school facilities did act in concert to conspire to exclude the St. Augustine team from participating in the tournament.

12. Each of the co-conspirator school facilities associated with the enterprise conducted or participated directly or indirectly in the conduct of the Enterprise affairs through a "pattern of racketeering activity" within the meaning of 18 USC 1961(5) and in violation of 18 USC 1962(c) The acts set forth above constitute a violation of one or more of the following predicate statutes. 18 USC 1341 (mail fraud) and 18 USC 1343 (wire fraud).

13. The acts of Racketeering activity referred to in the previous paragraphs constituted a pattern of racketeering activity within the meaning of 18 USC 1961(5) The acts alleged were related to each other by virtue of common participants, common victims, common methods of conviction and the common purpose and result of denying to Plaintiff the protections of the Constitution and laws of the United States and the State of Tennessee.

## COUNT II (RACIAL DISCRIMINATION)

14. Paragraphs 1-8 are incorporated herein.

15. Defendants actions constitute unlawful racial discrimination on the basis of race in violation of 42 USC 1981.

16.     Defendants actions constitute unlawful racial discrimination on the basis of race in violation of Tennessee Human Rights Act T.C.A. 4-21-101 et. seq.

17.     Defendant through the acts of exclusion described hereinabove did engage in purposeful and intentional discrimination which acts constitute invidious discriminatory animus and discriminatory conduct.

WHEREFORE PREMISES CONSIDERED YOUR PETITIONER PRAYS THIS HONORABLE COURT WOULD:

1.     Require that process issue and be served upon the Catholic Diocese d.b.a. Parochial Athletic Association

2.     Grant restitution to Plaintiff

3.     Grant treble damages under 18 USC 1964(c)

4.     Grant reasonable attorney's fees pursuant to 18 USC 1964(c)

5.     The court would grant such other and further relief as the court deems just and proper.

Respectfully submitted,

LAW OFFICE PAUL ROBINSON, JR.

/s Paul A. Robinson, Jr.

_____
Paul A. Robinson, Jr.  014464
94 S. Main
Memphis, Tennessee 38103
(901) 649-4053